UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE WALDON DAVIS,

      Petitioner,

v.                                    CASE NO. 6:10-cv-297-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 10).  Petitioner filed a reply (Doc. No. 13) and an amended reply (Doc. No. 14) to the response.

Petitioner alleges two claims for relief in his habeas petition: (1) trial counsel was ineffective for misleading Petitioner and informing him that a suppression hearing had been held when no such hearing was held; and (2) trial counsel was ineffective for failing to call Detective Yisrael at sentencing to establish that Petitioner provided the police with substantial assistance.

### I.      *Procedural History*

Petitioner was charged with one count of sale of cocaine in each of two cases: lower court case numbers 07-31078 and 07-31079.  Petitioner was also charged in lower court case number 07-31099 with trafficking in hydrocodone, greater than four grams but less than fourteen grams (count one), possession of cocaine (count two), and possession of cannabis (count three).  Petitioner entered into a plea whereby he agreed to plead nolo contendere to all counts as charged in each case, and in exchange, the State agreed to a sentencing cap of ten years in prison.  After conducting a plea colloquy, the state court accepted Petitioner's nolo contendere pleas in each case.

The trial court sentenced Petitioner to ten years in prison for both sale of cocaine counts, as well as the trafficking in hydrocodone count, to five years in prison for the possession of cocaine count, and to time served for the possession of cannabis count.  On March 26, 2008, Petitioner filed a petition for belated appeal.  The Fifth District Court of Appeal denied the petition without prejudice.  Petitioner filed a second petition for belated appeal on May 19, 2008.  The state court appointed a commissioner to hold a hearing on whether trial counsel failed to file an appeal.  After the hearing, the commissioner made a finding that Petitioner did not ask trial counsel to file an appeal.  Consequently, the state appellate court denied the petition for belated appeal.

Petitioner filed a Rule 3.850 motion for post-conviction relief pursuant to the Florida Rules of Criminal Procedure, alleging two grounds for relief.  The state trial court held an evidentiary hearing and then denied the claims.  The Fifth District Court of Appeal *per*

*curiam* affirmed the lower court's denial of these claims.  The instant federal habeas corpus petition follows.

## II.     Legal Standards

### A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and

---

[1]In considering the "unreasonable application"inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

(2) whether the deficient performance prejudiced the defense.[2]  *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III.    Analysis

####    A.    Claim One

Petitioner claims that trial counsel was ineffective for improperly misleading him and informing him that a suppression hearing had been held when no such hearing was held prior to the entry of his plea.  Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. C at 128).  The state court held an evidentiary hearing on this claim.  *Id.* at 60-122. The trial court denied the claim, finding defense counsel's testimony was more credible than Petitioner's testimony, and concluded that trial counsel did not act deficiently because counsel never told Petitioner that he filed a motion to suppress and in fact, decided not to file a motion to suppress after thoroughly discussing the issue with Petitioner.  *Id.* at 119-22.  The Fifth District Court of Appeal *per curiam* affirmed (App. D).

The record supports the state trial court's finding that trial counsel did not act deficiently in this case pursuant to *Strickland.*  Defense counsel Steven R. Robinson ("Robinson") testified that he spoke with Petitioner on numerous occasions regarding the search warrant and its supporting affidavits (App. C at 92).  Counsel did not think a motion to suppress the evidence obtained from execution of the search warrant would have been meritorious.  *Id.*  Robinson testified that after he consulted with Petitioner and explained that he did not think such a motion would be granted, Petitioner indicated that he did not want counsel to file such a motion.  *Id.* at 92-93.  Robinson also noted that the State had expressed its intent to withdraw the plea offer of a sentencing cap of ten years in prison if the defense filed a motion to suppress.  *Id.* at 93.  Robinson testified that he relayed the

State's probable withdrawal of the plea to Petitioner, and at the conclusion of their conversation, Petitioner decided to forego filing a motion to suppress. *Id.* Petitioner testified that he asked trial counsel to file a motion to suppress. *Id.* at 69. Moreover, Petitioner stated that defense counsel represented to him that a motion to suppress was filed and a hearing was held on the motion. *Id.* However, the state trial court found Robinson's testimony was more credible than Petitioner's testimony. *Id.* at 122.

Petitioner has not demonstrated that the state court's determination was contrary to, or involved an unreasonable application of federal law, nor has he shown that the state court's denial of this claim resulted in an unreasonable determination of the facts in light of the evidence presented in the state court proceed. 28 U.S.C. § 2254(d). The state court found that Petitioner's testimony was not credible. This Court must accept the state court's credibility determination. *See, e.g.*, *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [counsels'] testimony over [petitioner's]."); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are, however, entitled to the same presumption according findings of facts under 28 U.S.C. § 2254(d).") (footnote omitted). Relying only upon his unsupported contention that, contrary to counsel's testimony at the post-conviction evidentiary hearing, Robinson did advise him that he had filed a motion to suppress when no such motion was filed, Petitioner fails to overcome the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001). Accordingly, this claim is

denied.

###### B.    Claim Two

In his second claim Petitioner alleges that trial counsel was ineffective for failing to call Officer Yisrael to testify at sentencing that Petitioner provided the police with substantial assistance.   Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. C at 136).   The state trial court held an evidentiary hearing on this claim.   Petitioner testified that he spoke with Officers Lee and Yisrael about giving the police substantial assistance.  *Id.* at 70.   Petitioner stated that he spoke with the detectives for two and one half hours and gave them information regarding several drug dealers, where they lived, the quantity of drugs sold and other information.  *Id.*  Petitioner testified that defense counsel told him that Officer Yisrael stated that Petitioner had given them good, valuable information which led to several arrests, yet counsel failed to call the officer at sentencing.  *Id.*

Defense counsel Robinson testified that although Officer Yisrael related that Petitioner gave the police officers "good" information, he also stated that much of the information was unreliable and thus they could not use Petitioner as a confidential source. *Id.* at 90, 95.  Moreover, Robinson testified that Officer Yisrael stated that he would not be able to testify that Petitioner gave the officers substantial assistance, therefore, counsel did not subpoena the officer to testify at the sentencing hearing.  *Id.* at 95.  Robinson also stated that Officer Lee's testimony at sentencing was consistent with what Officer Yisrael had told him over the phone, thus he did not call Officer Yisrael to testify.  *Id.* at 96.  Robinson told

the court he informed Petitioner that he would not be receiving the benefit of substantial assistance prior to the sentencing hearing. *Id.*

The state trial court denied the instant claim, finding that defense counsel's testimony that he did not call Officer Yisrael to testify because his testimony would have been largely the same as testimony give by Officer Lee at the sentencing hearing was credible. *Id.* at 121-22. The state court concluded that defense trial counsel did not act deficiently pursuant to *Strickland*. *Id.* at 122. The Fifth District Court of Appeal *per curiam* affirmed the lower court's denial of this claim (App. D).

The United States Supreme Court has noted that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). Moreover, the Court stated that "strategic choices made after less than complete investigation are reasonable . . . to the extent . . . professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* Counsel's decision to forego calling Officer Yisrael because his testimony would have been the same as Officer Lee's testimony was a matter of trial strategy and Petitioner has not demonstrated otherwise.

Moreover, even if counsel's failure to call Officer Yisrael did not amount to trial strategy, Petitioner cannot demonstrate that counsel's failure to call the police officer resulted in prejudice. There was testimony at the post-conviction evidentiary hearing

indicating that Officer Yisrael would not have testified that Petitioner should receive the benefit of substantial assistance. Robinson testified that he explained to Petitioner that the officers could not use much of Petitioner's information because it was unreliable, therefore, he would not be receiving substantial assistance. The state court found Robinson's testimony to be more credible than Petitioner's and this court must accept that credibility determination. *See Baldwin*, 152 F.2d at 1316; *Devier*, 3 F.3d at 1456. Petitioner fails to overcome the presumption that the state court's factual findings are correct by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Parker,* 244 F.3d at 835-36. Petitioner has not demonstrated that the state court's determination of this claim was contrary to, or involved an unreasonable application of federal law. Accordingly, claim two is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.     *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.  However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reasons would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Lawrence Waldon Davis (Doc. No. 1) is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 18th day of July, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 7/18
Counsel of Record
Lawrence Waldon Davis